WILLIAM H. ADAMS, ADMINISTRATOR OF THE ESTATE OF IDA M. GRUBER, DECEASED, RESPONDENT, v. GARDENER, ADMINISTRATRIX OF THE ESTATE OF EMIL GRUBER, DECEASED, APPELLANT.—237 S. W. 2d 495.

Kansas City Court of Appeals. Opinion delivered February 5, 1951.

George H. Jones and Terrance W. Imes for appellant.

*Wherritt & Sevier* and *William J. Turpin* for respondent.

BROADDUS, J.—This appeal involves the sum of $7,020 found in a safe deposit box. The case was submitted to the trial court upon an agreed statement of facts.

Emil Gruber and Ida M. Gruber were husband and wife and resided at 4314 East 24th Street in Kansas City, Missouri. They were last known to be alive about noon on November 1, 1948 and, on the following day about 5:00 p.m., were found dead. Neither left any surviving child or grandchild and the heirs of both consisted of brothers and sisters.

Emil Gruber was a painter and paper-hanger by occupation and was active in that business up to the time of his death except that during the war period he worked at the Pratt & Whitney Plant from 1943 to 1945. He was a man of temperate and frugal habits.

Ida M. Gruber had been in poor health for many years, was a semi-invalid and had not been employed during any part of the more than 25 years of her married life with Emil Gruber. She never inherited any money except on June 27, 1947, she received a check for $500 from her brother, W. H. Adams, for an interest in a small piece of real estate inherited from her mother. This check was deposited in the joint checking account of "Emil Gruber and Ida Gruber or survivor" at the Mercantile Home Bank and Trust Company of Kansas City, Missouri.

The Grubers owned their homestead as tenants by the entirety. They had the joint bank account at the Mercantile Home Bank and Trust Company in which there was $1,614.73 at the time of their deaths, $550 face amount Series "E" bonds payable to Emil Gruber or Ida Gruber, $252.37 cash and $8.10 in defense stamps was found in the home.

Emil Gruber owned an automobile which was inventoried at $300 and some minor items of property. Ida M. Gruber had a separate account at the Commerce Trust Company in which there was a balance of $29.21 and a few items of minor value.

After the death of Emil Gruber and Ida M. Gruber, William H. Adams, the sole heir of Ida M. Gruber, and Josephine Gruber, Wilhelmina Gruber and Ida Gardener, the only heirs of Emil Gruber, filed their petition in the Circuit Court of Jackson County, Missouri. That petition was based upon the "Uniform Simultaneous Death Act" enacted in 1947 and appears in Vol. 1 of our Session Acts for that year at pp. 13 and 14. Section 3 of that Act provides that where there is not sufficient evidence that two joint tenants or tenants by the entirety have died otherwise than simultaneously as determined by a court of competent jurisdiction, the property so held shall be distributed one-half as if one had survived and one-half as if the other had survived.

On November 18, 1948, all of the petitioners in that suit appeared before the court, waived a jury and submitted the cause upon the pleadings and proof adduced and the court adjudged that Emil Gruber

and Ida M. Gruber were husband and wife, resided at 4314 East 24th Street, Kansas City, Missouri, and that they were last seen alive on November 1, 1948, and that they were found dead on November 2, 1948; that they were the owners as tenants by the entirety of the homestead and "were joint owners of certain personal property." The court further decreed that "Emil Gruber and Ida M. Gruber came to their death simultaneously."

Respondent, William H. Adams, (plaintiff in this action) is the administrator of the estate of Ida M. Gruber and appellant, Ida Gardener, (defendant in this action) is the administratrix of the estate of Emil Gruber.

The controversy in this case centers on $7,020 in cash found in the safe deposit box of Emil Gruber as lessee and Ida M. Gruber as deputy with the right to enter the box and remove the contents at any time.

On July 11, 1942, Emil Gruber rented safe deposit box No. A 262 at the Mercantile Home Safe Deposit Company, Kansas City, Missouri, the agreement being evidenced by a written safe deposit rental contract, duly executed by Emil Gruber and the Bank with Ida M. Gruber as deputy. The contract shows that Ida M. Gruber signed the contract and was appointed deputy to have access to the box on the date it was rented. In this box, along with other securities, was $7,020 U. S. currency, inventoried as $3,400 in a plain envelope, not identified, $1,620 wrapped in plain wrapping paper, not identified, $2,000 in a window envelope of Mercantile Home and Trust Company postmarked December 1, 1947, not identified.

The above box was opened on November 18, 1948 and the money counted. Ida Gardener, defendant-appellant, sometime during the month of November, 1948, removed the $7,020 from the safe deposit box and deposited it in her name as administratrix and continued to claim it as the sole property of the Estate of Emil Gruber, deceased. In January 1949, plaintiff-respondent demanded in writing of defendant-appellant $3,510, which demand was refused and thereafter on March 16, 1949, this suit was brought.

As shown in the agreed statement of facts the box after being rented was opened five times in 1942 by Emil Gruber; opened once in 1943 by Ida Gruber; opened three times in 1944 by Emil Gruber; not opened at all in 1945; opened once in 1946 by Emil Gruber; not opened at all in 1947; and opened once in 1948 by Emil Gruber.

It was also shown by stipulation that Arthur Schwitzer was a mutual friend of Emil Gruber and Ida M. Gruber for about 25 years and associated with them frequently; that upon being told by Emil Gruber and Ida M. Gruber that they kept a large sum of money in currency in their house, he (Schwitzer) "told the Grubers this was very dangerous on account of the possbility of fire as well as of theft and robbery and he suggested to them that they should rent a safe deposit box in which to place their money; that after several such conversations Emil Gruber in the presence of his wife, stated to the witness

that he had rented such a box and put his or their money in it;'' that he (Schwitzer) could not specifically remember whether Emil Gruber said ''my'' money or ''our'' money when referring to the safe deposit box.

The trial court rendered judgment in favor of plaintiff (administrator of the estate of Ida M. Gruber) for the sum of $3,510, which was one-half of the cash in the safe deposit box.

Under our present statute in cases tried upon the facts without a jury the judgment shall not be set aside unless clearly erroneous. Section 847.114 Mo.S.A. 1939.

Under the agreed facts Emil and Ida M. Gruber had lived together as husband and wife for over 25 years. The reasonable inference to be drawn from the facts is that they treated the money found in the safe deposit box to be jointly owned. They informed their friends, Mr. and Mrs. Schwitzer, that they kept a large sum of money in their home. No other conclusion can be drawn but that the money was in their joint possession. This, at least, raised a presumption of joint ownership. Mr. Schwitzer advised them to rent a safe deposit box in which to place their money. Following his suggestion they went together to the Safe Deposit Company. According to the manager of the Safe Deposit Company ''it was the practice of the Company to discourage the rental of boxes on the joint deposit agreement.'' Thus it is reasonable to assume that when the two Grubers asked to rent a box that the policy of the company was explained to them and that they did the next best thing, to-wit, rent the box in Emil Gruber's name and then and there appoint Ida Gruber as deputy. As deputy she was given the right to enter the box at any time and remove any part or all of its contents and even cancel the lease under which the safe deposit box had been rented. Thus Ida Gruber had constructive possession of the $7,020 as well as her husband.

There is this additional fact, Mr. and Mrs. Gruber did not put any mark of identification on the two envelopes or wrapping paper in which the money was enclosed. This tended to indicate that they considered the money to be jointly owned.

A further showing was made that the Grubers were handling their personal property under joint ownership. The bank account of $1,614.73 was joint and the U.S. Government bonds found in the safe deposit box were jointly owned. And after the death of the Grubers the parties to this action treated the money found in the home as having been held on that basis and divided it equally between themselves. The household goods were inventoried at $400 and this sum was likewise divided equally between appellant and respondent.

The cases relied upon by appellant pertain to *inter vivos* gifts and the quantum of proof necessary to establish delivery by the donor. They are not in point here.

From the evidence it can at least be said that Mr. and Mrs. Gruber considered the money while it remained in their home to be jointly

owned. If then owned jointly the character of that ownership did not change regardless of where the money may have been later placed for safekeeping. Usually the real purpose of a person renting a safe deposit box in a bank or safe deposit company is the safekeeping of valuables placed in the box, not to establish ownership.

In our opinion, the conclusion reached by the learned trial court was fully justified under the evidence. The judgment is affirmed. All concur.